PAUL E. MANASIAN (SB No. 130855)
GREGORY A. ROUGEAU (SB No. 194437)
THOMAS T. HWANG (SB No. 218678)
MANASIAN & ROUGEAU, LLP
400 Montgomery Street, Suite 1000
San Francisco, California 94104
Telephone: (415) 291-8425
Facsimile: (415) 291-8426
Email: manasian@mrlawsf.com
Email: rougeau@mrlawsf.com
Email: hwang@mrlawsf.com

Attorneys for Debtor in Possession,
QMECT, INC.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| QMECT, INC., a California corporation, dba Electrochem, | ) Case No. 04-41044-LT11 |
| | ) |
| Debtor. | ) **NOTICE OF APPEAL** |
| | ) |
| | ) |
| | ) |
| Employer's Tax Identification No. 94-2923737 | ) |
| | ) |
| | ) |
| | ) |

**PLEASE TAKE NOTICE** that QMECT, INC., the debtor and debtor-in-possession in the above-referenced Chapter 11 bankruptcy case, appeals to the United States District Court for the Northern District of California, from the Order of the United States Bankruptcy Court for the Northern District of California, Oakland Division, bankruptcy judge, on the Valuation of Real Property, entered in connection with Debtor's proposed Plan of Reorganization dated June 28, 2004, on September 15, 2004 (the "Order"), a copy of which is attached hereto as Exhibit A.

**PLEASE TAKE FURTHER NOTICE** that QMECT, INC. consents to the jurisdiction of the Ninth Circuit Bankruptcy Appellate Panel over this appeal.

The parties to the Order appealed from and the names and addresses of their respective

Page 1

Case: 04-41044   Doc# 187   Filed: 09/24/04   Entered: 09/24/04 16:29:47   Page 1 of 8

attorneys are:

Tobias S. Keller, Esq.
David M. Bertenthal, Esq.
Ramon M. Naguiat, Esq.
Pachulski Stang Ziehl Young Jones & Weintraub, P.C.
Attorneys for Burlingame Capital Partners II, L.P. and
Electrochem Funding, LLC
Three Embarcadero Center, Suite 1020
San Francisco, CA 94111-4023
(415) 263-7000


Robert R. Moore, Esq.
Michael J. Betz, Esq.
Allen Matkins Leck Gamble & Mallory
Attorneys for Burlingame Capital Partners II, L.P. and
Electrochem Funding, LLC
Three Embarcadero Center, 12th Floor
San Francisco, CA 94111-4023
(415) 837-1515


Dated: September 24, 2004                MANASIAN & ROUGEAU, LLP


By: _____
Thomas T. Hwang
Attorneys for Debtor
QMECT, INC.

Case: 04-41044    Doc# 187    Filed: 09/24/04    Entered: 09/24/04 16:29:47    Page 2 of 8

# EXHIBIT A

ORIGINAL FILED

SEP 15 2004

BANKRUPTCY COURT
OAKLAND, CALIFORNIA

Tobias S. Keller (CA Bar No. 151445)
Gabrielle Albert Rohwer (CA Bar No. 190895)
Ramon M. Naguiat (CA Bar No. 209271)
PACHULSKI, STANG, ZIEHL, YOUNG, JONES
    & WEINTRAUB P.C.
Three Embarcadero Center, Suite 1020
San Francisco, California 94111-4023
Telephone: 415/263-7000
Facsimile: 415/263-7010

ALLEN MATKINS LECK GAMBLE & MALLORY LLP
ROBERT R. MOORE (BAR NO. 113818)
MICHAEL J. BETZ (BAR NO. 196228)
Three Embarcadero Center, 12th Floor
San Francisco, California 94111
Telephone: (415) 837-1515
Facsimile: (415) 837-1516

Attorneys for Burlingame Capital Partners II, L.P.
and Electrochem Funding, LLC

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| In re:<br><br>**QMECT, INC.,**<br>a California corporation, dba Electrochem,<br><br>Debtor.<br><br>Federal Tax I.D. # 94-2923737 | Case No.: 04-41044-LT11<br><br>Chapter 11<br><br>**ORDER ON VALUATION OF REAL PROPERTY IN CONNECTION WITH DEBTOR'S PLAN OF REORGANIZATION DATED JUNE 28, 2004**<br><br>Date: August 31, 2004<br>Time: 9:30 a.m.<br>Place: 1300 Clay Street, Room 201<br>     Oakland, California<br>Judge: Honorable Leslie J. Tchaikovsky |

A hearing was held before this Court on August 31, 2004, at 9:30 a.m. (the "Hearing"), to consider pursuant to section 506(a) of the Bankruptcy Code the "replacement value" (as such term is defined in Associates Commercial Corp. v. Rash, 117 S.Ct. 1879 (1997) ("Rash")) to be ascribed to certain real property (the "Real Property") owned by the above-captioned debtor and debtor in

DOCS_SF:40138.3

ORDER ON VALUATION OF REAL PROPERTY IN
CONNECTION WITH DEBTOR'S PLAN OF
REORGANIZATION

possession (the "Debtor") under the terms of the Debtor's Plan of Reorganization dated June 28, 2004 (the "Plan"). Appearances were made as noted in the record.

The Court has considered the Plan, the papers filed by the parties, and the evidence presented at the Hearing, and finds that (a) under the Plan, the Debtor intends to continue to use the Real Property as an electroplating facility, (b) costs of "decommissioning" (i.e., closing and decontaminating the Real Property are not relevant to the determination of the replacement value of the Real Property under Rash and other applicable law, (c) there was no evidence presented that the Real Property was environmentally contaminated, and (d) a "Phase II" investigation (hereafter, a "Phase II") to determine whether there is any environmental contamination on the Real Property has not been conducted since the Debtor took possession of the Real Property. Other findings are as set forth in the record.

Based on the foregoing proceedings, and after due deliberation and sufficient cause shown, and for the reasons stated on the record at the Hearing,

**IT IS HEREBY ORDERED THAT:**

1. The value of the Real Property is hereby determined to be $2,510,000, if uncontaminate

2. The Debtor shall have through and including September 9, 2004, to file a notice that it consents to the commission of a Phase II in order to determine whether there is any contamination on the Real Property. Such notice shall state clearly whether the Debtor wishes to retain the right to present evidence of environmental contamination on the Real Property and, if the Debtor wishes to retain such right, the notice shall contain the Debtor's election to either (a) allow the secured lenders, Burlingame Capital Partners II, L.P. and Electrochem Funding, LLC (collectively, the "Lenders") to retain and pay for a consultant to conduct a Phase II, provided that the Lenders shall not be required to provide any form of indemnity if their consultant carries insurance payable in an amount not less than $1 million or (b) retain a consultant reasonably acceptable to the Lenders to conduct the Phase II (in which case the Lenders have consented to allow the consultant's reasonable fees to be paid from its cash collateral).

3. In the event that the Debtor elects to conduct (or allow to be conducted) a Phase II on the Real Property, the Debtor shall meet and confer with the Lenders regarding the Phase II,

PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C.
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

including the identity of the consultant that will perform the Phase II, when testing will be conducted, when the consultant will be required to produce its report, and the parties' respective rights to observe and/or challenge the methods used and conclusions drawn by the consultant. If the parties are unable to agree on the foregoing by September 17, 2004, either of the parties may set open issues to be heard by this Court on September 23, 2004 at 2:00 p.m., or such earlier date as may be fixed by the Court.

4.    In the event that the Debtor gives a timely notice in accordance with the provisions of paragraph 2 hereof and if a Phase II is timely concluded, any party may file a motion requesting the Court to reconsider the valuation of the Real Property contained herein based on evidence arising from the results of the Phase II.

DATED: September 16, 2004

_Leslie Tchaikovsky_
The Honorable Leslie Tchaikovsky
United States Bankruptcy Judge

5. If the Debtor fails to file a notice that it consents to a Phase II by September 9, 2004, the uncontaminated value of the Real Property shall be deemed its Rush value for purposes of the Plan.

PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C.
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

DOCS_SF:40138.3

3

Case: 04-41044    Doc# 187    Filed: 09/24/04    Entered: 09/24/04 16:29:47    Page 6 of 8

# PROOF OF SERVICE

I am employed at 400 Montgomery Street, Suite 1000, San Francisco, California 94104 in the City and County of San Francisco, State of California. I am over the age of 18 and not a party to the within action.

On September 24, 2004, I served the document(s) described as **NOTICE OF APPEAL** in this action by placing the true copies thereof enclosed in sealed envelopes addressed as follows:

Office of the United States Trustee
Oakland Division
1301 Clay Street, Suite 690N
Oakland, CA 94612-5217
Facsimile: 510/273-4163

Pachulski Stang, et al.
Attn: Tobias S. Keller, Esq.
Three Embarcadero Center, Suite 1020
San Francisco, CA 94111
Facsimile: 415/263-7010

Philip J. Nicholsen, Esq.
235 Main Street, Suite 740
San Francisco, CA 94105
Facsimile: 415/364-4001

Kyle Everett
Development Specialists, Inc.
345 California Street, Suite 1150
San Francisco, CA 94104
Facsimile: 415/981-2718

Michael St. James, Esq.
St. James Law, P.C.
155 Montgomery Street, Suite 1004
San Francisco, CA 94104
Facsimile: 415/391-7568

Mark Martel, Esq.
Tom Mullen, Esq.
425 Sherman Ave., Suite 330
Palo Alto, CA 94306
Facsimile: 650/470-2654

Allen Matkins Leck Gamble & Mallory LLP
Attn: Kelly J. Brinkman
501 West Broadway, 9th Floor
San Diego, CA 92101-3577

Burlingame Capital Partners II, L.P.
Attn: Robert R. Moore
333 Bush Street, 17th Floor
San Francisco, CA 94104-2806
Facsimile: 415/837-1516

Adam Siegler, Esq.
Tae-Yoon Kim, Esq.
Siegler Law Group
9454 Wilshire Blvd., Suite M-16
Beverly Hills, CA 90212
Facsimile: 310/777-1114

[ ]   (BY MAIL) I am "readily familiar" with the firm's practice for collection and processing correspondence for mailing. Under the practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[X]   (BY FAX) I transmitted, pursuant to Rules 2001 et seq., the above-described document by facsimile machine (which complied with Rule 2003(3)), to the above-listed fax number(s). The transmission originated from facsimile phone number (415) 546 9811 and was reported as complete and without error. The facsimile machine properly issued a transmission report.

Page 1

Case: 04-41044    Doc# 187    Filed: 09/24/04    Entered: 09/24/04 16:29:47    Page 7 of 8

[ ] (BY PERSONAL SERVICE) I delivered such envelope by hand to the offices of the addressee(s).

[ ] (BY OVERNIGHT DELIVERY) I caused said envelope(s) to be delivered overnight via an overnight delivery service in lieu of delivery by mail to the addressee(s).

[ ] (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X] (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on September 24, 2004, at San Francisco, California.

_____
Michael Moss

Case: 04-41044    Doc# 187    Filed: 09/24/04    Entered: 09/24/04 16:29:47    Page 8 of 8