**Signed: May 05, 2005**

_____
**LESLIE TCHAIKOVSKY
U.S. Bankruptcy Judge**
_____



UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

QMECT, INC., dba Electrochem,
a California corporation,

    Debtor-in-Possession.
_____/

No. 04-41044 T
Chapter 11

**MEMORANDUM OF DECISION RE MOTION FOR RELIEF**

    The second motion of Burlingame Capital Partners ("Secured Creditor") for relief from the automatic stay was heard over several days, concluding on May 4, 2005. Secured Creditor, the above-captioned debtor-in-possession (the "Debtor"), and the Official Creditors' Committee (the "Committee") appeared at the hearing through counsel. Evidence was presented, argument made, and the Court took the matter under submission. Having considered applicable law and all the evidence presented in the case, the Court concludes that relief from stay should be denied at this time.

    Secured Creditor based its motion for relief on both sections 362(d)(1) and (2) of the Bankruptcy Code. Under section 362(d)(1), the Court must grant relief from the automatic stay if the Secured Creditor is not adequately protected. The Debtor bears the burden of proving adequate protection. Under section 362(d)(2), the Court must grant relief if the Debtor has no equity in the Secured Creditor's collateral and the collateral is not

necessary for an effective reorganization. The Secured Creditor bears the burden of proving no equity. The Debtor bears the burden of proving that the collateral is necessary for an effective reorganization.

In this case, if the Secured Creditor's liens are valid, there is no dispute that the Debtor has no equity in the Secured Creditor's collateral. However, the Committee has filed a motion for summary judgment, challenging the validity of the Secured Creditor's liens. The motion is set for hearing on May 6, 2005 at 2:00 p.m. The Court expects to take that motion under submission. Until the motion is decided, it will be impossible to determine whether the Secured Creditor can meet its burden of proving no equity under section 362(d)(2).

Thus, the Secured Creditor is not entitled to relief from the automatic stay unless the Debtor has failed to meet its burden of proving adequate protection. Adequate protection is not defined by the Bankruptcy Code. However, case law has established that it means two things: (1) that the secured creditor's collateral position is not getting any worse and (2) that the debtor has a reasonable prospect for reorganization within a reasonable time.

The evidence presented established to the Court's satisfaction that the Secured Creditor's collateral position has not deteriorated since the beginning of the case. The Secured Creditor has been receiving interest payments, which have been held by its counsel pending a determination by the Court of the

validity of its liens.  In addition, the value of its collateral base has actually increased.

The Secured Creditor relied heavily in its presentation of evidence and argument on the fact that the Debtor stopped booking depreciation on its assets at some point during the proceeding. The Secured Creditor's expert accountant testified that this was contrary to GAAP principles.  The Court did not find this evidence useful to a determination of adequate protection.

The Secured Creditor also argued that the Debtor had failed to meet its burden of proving that it had a reasonable prospect of reorganizing within a reasonable time.  It noted that the Debtor has been in chapter 11 for over a year and that no viable plan of reorganization has been filed.  Moreover, at the hearing on the motion, the Debtor presented no evidence that it had a viable plan in contemplation.  The Secured Creditor argued that no viable plan could be proposed given the amount of its debt and the amount of revenue being generated by the Debtor.  Although the Debtor represented that there was an investor interested in the company, the Secured Creditor had seen no evidence that this interest was serious.

In response, the Debtor noted that the Committee's motion for summary judgment, challenging the validity of the Secured Creditor's debt was presently set for hearing.  In addition, trial was scheduled in July on the Debtor's complaint seeking to subordinate the Secured Creditor's claim.  Until those matters were decided, it would be impossible to propose a plan.

3

Normally, a chapter 11 debtor's defense to a motion for relief from the automatic stay should include at least the outlines of a viable plan. The longer the debtor has been in chapter 11, the more specific the outlines should be. However, in this case, the Court agrees with the Debtor that, until the Committee's motion for summary judgment and the Debtor's equitable subordination action are decided, it would make no sense for the Debtor to attempt to formulate a plan. Both of those matters will soon be presented and decided. Under these circumstances, it would be inappropriate to grant the Secured Creditor's motion for relief at this time.

For the reasons stated above, the Court concludes that the Secured Creditor's motion for relief should be denied. The Debtor is directed to submit a proposed form of order in accordance with this decision.

END OF DOCUMENT

4

```
 1                          COURT SERVICE LIST
 2    Paul E. Manasian
 3    Manasian & Rougeau, LLP
      400 Montgomery St., Ste. 1000
 4    San Francisco, CA 94104

 5    Tobias S. Keller
      Pachulski, Stang, Ziehl, Young,
 6      Jones & Weintraub P.C.
      Three Embarcadero Center, Ste. 1020
 7    San Francisco, CA 94111-4023

 8    Robert R. Moore
      Allen Matkins Leck Gamble & Mallory LLP
 9    Three Embarcadero Center, 12th Floor
      San Francisco, CA 94111
10
      Philip J. Nicholsen
11    Law Offices of Philip J. Nicholsen
      221 Main St., #740
12    San Francisco, CA 94105

13

14

15

16

17

18

19

20

21

22

23

24

25

26
```