**Entered on Docket**
**May 05, 2005**
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



**Signed: May 05, 2005**

_____
**LESLIE TCHAIKOVSKY**
**U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

QMECT, INC., dba Electrochem,
a California corporation,

    Debtor-in-Possession.
_____/

No. 04-41044 T
Chapter 11

**MEMORANDUM OF DECISION RE ORDER TO SHOW CAUSE**
**RE APPOINTMENT OF CHAPTER 11 TRUSTEE**

During the course of this chapter 11 case, the Court and the parties in interest learned that the above-captioned debtor-in-possession (the "Debtor") had been charged with a felony for improperly disposing of toxic waste generated by its electroplating business. As a result, the Court issued an order to show cause why a chapter 11 trustee should not be appointed. The Debtor, the Official Creditors' Committee (the "Committee"), Burlingame Capital Partners ("Secured Creditor"), and the Office of the United States Trustee (the "UST") appeared through counsel at the hearing on the order to show cause over a period of several days. Evidence was presented. At the close of evidence, the Secured Creditor and the UST urged the appointment of a full powers trustee. The Debtor and the Committee opposed the appointment of any trustee. The Court heard oral argument and took the matter under submission.

Based on the evidence presented and the argument made, the Court concludes that a limited powers trustee should be appointed. The duties of the trustee will be limited at this time to ensuring that the Debtor complies with environmental regulations with respect to the storage and disposal of its toxic waste. Like the UST and the Secured Creditor, the Court views the Debtor's improper disposal of its toxic waste as a serious matter. The charges against the Debtor and the Debtor's principal, Fred Koelling ("Koelling"), have been settled with the County. However, this settlement does not eliminate the seriousness of the events that occurred. It was fortunate that the Debtor's improper disposal of the toxic waste did not result in a public safety problem. It easily could have.

The Debtor represents that it has retained a consultant who will ensure that the Debtor complies with environmental regulations in the future. The party in question testified in court and the Court found him competent. However, the consultant would be working for the Debtor and acting at its direction. To find this solution satisfactory, the Court would have to be persuaded that Koelling acted in good faith in connection with improper disposal of the toxic waste. The Court has serious doubts in this respect.

The Court is persuaded that Koelling knew full well how the Debtor was required to store and dispose of its toxic waste. He has been in the electroplating business for a considerable time. The electroplating business is known to generate toxic waste.

2

Running a successful electroplating business necessarily involves knowing how to dispose of its toxic waste. In the past, the Debtor had contracted with a reputable company to dispose of its toxic waste. The fact that, in February and March 2004, the Debtor contracted with a different company strongly suggests a conscious decision to skirt environmental regulations.

The Court is also persuaded that Koelling knew that the Debtor was violating environmental regulations by retaining containers of toxic waste for more than 90 days. If a container or two had merely been retained for 120 rather than 90 days, the Court would not view this as terribly serious. However, based on the evidence concerning the rate at which toxic waste was generated by the Debtor and the number of containers transported during February and March 2004, it appears that the Debtor accumulated containers for approximately a year. There is no way that Koelling could not have known about this. The UST argued that the bad judgment shown by Koelling in these respects warranted the appointment of a full powers trustee. The Court tends to agree and has wrestled with the decision of whether the trustee's powers should be limited. The Debtor was also guilty of violating the bankruptcy law in several respects at the beginning of the case. More recently, it has failed to file timely monthly operating reports. The Debtor's excuse is that the case has been extremely litigious, and the Debtor has been busy. Busy or not, the Debtor should have filed timely monthly operating reports. The Court questions

3

Case: 04-41044   Doc# 296   Filed: 05/05/05   Entered: 05/05/05 15:09:26   Page 3 of 5

whether the Debtor is taking seriously its obligations as a chapter 11 debtor-in-possession.

The only reason the Court has concluded that a limited powers trustee should be appointed is timing. On Friday, the Court will hear argument on the Committee's motion for summary judgment, challenging the validity of some of the Secured Creditor's liens. In July, a trial is scheduled in the Debtor's equitable subordination action. Considerable effort has been spent during the past year of which these two events appear to be the culmination. When they are concluded, it will be much clearer whether the Debtor will be able to reorganize. It would necessarily derail this schedule to order the appointment of a full powers trustee at this time.

For the reasons stated above, the Court will order the appointment of a limited powers trustee. The UST is directed to submit a proposed form of order in accordance with this decision.

END OF DOCUMENT

4

COURT SERVICE LIST

Paul E. Manasian
Manasian & Rougeau, LLP
400 Montgomery St., Ste. 1000
San Francisco, CA 94104

Tobias S. Keller
Pachulski, Stang, Ziehl, Young,
  Jones & Weintraub P.C.
Three Embarcadero Center, Ste. 1020
San Francisco, CA 94111-4023

Robert R. Moore
Allen Matkins Leck Gamble & Mallory LLP
Three Embarcadero Center, 12th Floor
San Francisco, CA 94111

Philip J. Nicholsen
Law Offices of Philip J. Nicholsen
221 Main St., #740
San Francisco, CA 94105