**Signed: May 19, 2006**



_____
**LESLIE TCHAIKOVSKY
U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                         No. 04-41044 T
                                              Chapter 11
QMECT, INC., etc.,

    Debtor-in-Possession.
_____/

**MEMORANDUM RE MOTION IN LIMINE SEEKING SANCTIONS**

An evidentiary hearing on the third motion of Burlingame Capital Partners II, L.P. and Electrochem Funding, LLC (collectively "Lenders") for relief from the automatic stay is scheduled for May 24, 2006 at 9:30 a.m. On May 17, 2006, the Lenders filed a motion in limine seeking three things. First, the motion asks the Court to preclude the above-captioned debtor (the "Debtor") and the Official Creditors' Committee (the "Committee") from introducing any financial information at the scheduled evidentiary hearing. Second, it requests sanctions against Fred Koelling ("Koelling"), the Debtor's CEO, and Paul Manasian ("Manasian"), the debtor's bankruptcy counsel, based on the Court's inherent authority. Third, it asks the Court to issue an order to show cause re civil contempt with respect to

Koelling and Manasian. The Court issues this memorandum to relieve the Debtor and the Committee from the burden of responding to the motion at this time.

With respect to the first request, the Court will deny it summarily. The purpose of the evidentiary hearing is to determine whether the Lenders are entitled to foreclose their security interest in approximately $1 million of the Debtor's cash. If the Court grants the Lenders' motion, there will be no funds left with which to pay unsecured creditors. If the motion is denied, because the financial information offered by the Debtor or the Committee establishes that the Lenders' security interest does not extend to some or all of the cash, unsecured creditors may receive some payment. Even if the conduct by Koelling and Manasian described in the motion warrants sanctions, it would not be appropriate to punish the unsecured creditors by precluding the admission of evidence that might serve to establish defects or limitations in the Lenders' liens.

The Court views the latter two requests, made at this time, as an inappropriate litigation strategy. The conduct referred to by the Lenders occurred some time ago. Whether to impose sanctions upon Koelling and Manasian based on that conduct need not be determined at this time, on the eve of trial. If sanctions are appropriate, they may be imposed later after Koelling and Manasian are given adequate time to respond. Therefore, the Court will deny the application for an order to show cause and will instruct the Debtor and Committee not to respond to the motion for sanctions at this time.

2

Good cause appearing therefor, it is

SO ORDERED.

END OF DOCUMENT

3

```
                        COURT SERVICE LIST

  Paul E. Manasian
  Manasian & Rougeau, LLP
  400 Montgomery St., Ste. 1000
  San Francisco, CA 94104

  Robert R. Moore
  Allen Matkins Leck Gamble & Mallory LLP
  Three Embarcadero Center, 12th Floor
  San Francisco, CA 94111

  Philip J. Nicholsen
  Law Offices of Philip J. Nicholsen
  221 Main St., #740
  San Francisco, CA 94105
```