**Signed: May 19, 2006**



_____
**LESLIE TCHAIKOVSKY
U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                              No. 04-41044 T
                                                   Chapter 11
QMECT, INC., etc.,

    Debtor-in-Possession.
_____/

**MEMORANDUM RE ISSUES RAISED IN TRIAL BRIEF**

An evidentiary hearing on the third motion of Burlingame Capital Partners II, L.P. and Electrochem Funding, LLC (collectively "Lenders") for relief from the automatic stay is scheduled for May 24, 2006 at 9:30 a.m. On May 17, 2006, the Lenders, on the one hand, and the above-captioned debtor (the "Debtor") and the Official Creditors' Committee (the "Committee"), on the other, filed trial briefs. The Court has read the trial briefs and considered the issues discussed. As a result, the Court now questions the wisdom of proceeding with valuation evidence at this time.

In their trial brief, the Lenders note that the Court has previously concluded that they effectively hold a blanket lien on all

of the Debtor's pre-petition assets.[1] They contend that, as a result of this blanket lien, all of the Debtor's post-petition assets are the proceeds of their security interest. Thus, they are entitled to foreclose upon them, even if the value of the post-petition collateral has increased since the petition date. According to the Lenders, although the cash collateral orders gave them replacement liens, they do not need to rely on those liens. They correctly note that, in its previous tentative rulings, the Court did not consider this argument.

The Court is inclined to agree with the Lenders on this point. If so, holding an evidentiary hearing to determine whether there has been any post-petition increase in the value of the Debtor's assets would be a waste of time. However, the Debtor and Committee did not address this argument in their trial brief. The Court would like to hear their argument to the contrary.

However, the Court may not simply vacate the hearing and grant the Lenders relief from the automatic stay. The Lenders' rationale only works if their combined claim exceeds the value of their

---

[1] The Debtor and the Committee are correct that some of the issues regarding the perfection of the Lenders' liens have not been resolved. The asset that comes to mind in this respect is the Debtor's grid flooring which may or may not be a fixture. However, the Court concluded that, because the Lenders are affiliates and can cooperate with each other in foreclosing on their collateral, defects in one lender's liens may be remedied by the other lender's properly perfected security interest. However, as the Court previously noted, if these two debts and liens are treated as if they were one for blanket lien purposes, the senior lien should probably not be able at the same time to claim post-petition interest and attorneys' fees as a fully secured claim. In their trial brief, the Lenders ignore this conclusion.

2

collateral. As noted above, the Court has serious doubts concerning Burlingame Funding's right to post-petition interest (let alone default rate interest) and attorneys' fees given the Court's effective merger of the liens for blanket lien purposes. Moreover, the Debtor and Committee remind the Court in their trial brief that the issue of usury has still not been resolved. A resolution of that issue unfavorable to Burlingame might also cause the Lenders' combined claims to be less than the value of the collateral.[2]

The Court may not determine the usury issue in the context of a motion for relief. However, the Court may deny relief if it concludes that there is a substantial question presented regarding the issue. As the Court recalls, there is a threshold factual issue concerning whether Burlingame's license was posted in Burlingame's office and whether the loan transaction was conducted at Burlingame's office or, if elsewhere, at the Debtor's request. Unless the Debtor or Committee presents substantial evidence on these factual issues, the Court would be inclined to grant the Lenders' relief from stay. If such evidence is presented, the Court would be inclined to proceed to determine the usury issue before hearing perhaps unnecessary valuation testimony.[3]

---

[2] The Court is not persuaded that valuation must be done on a liquidation basis. The Debtor's business is being operated by a receiver. Clearly, the Lenders' desire and intention is to liquidate their collateral as a going concern. Under these circumstances, using liquidation value would give the Lenders an unmerited windfall.

[3] The Court is mindful that the Debtor and Committee's trial brief also asserts that the Lenders have lost their security interest based on the one action doctrine. The Court is not

3

To avoid inconvenience to potential witnesses on valuation issues, the Court believes that a conference call should be conducted in advance of the May 24, 2006 hearing. The Court directs the Debtor to schedule a conference call, if possible for Monday morning, May 22, 2006, to discuss how they wish to proceed on May 24, 2006. Since the Court's calendar clerk is not at work today, the Court directs the Debtor to schedule this call through the judge's law clerks.

END OF DOCUMENT

---

persuaded.

COURT SERVICE LIST

```
 1
 2  Paul E. Manasian
 3  Manasian & Rougeau, LLP
    400 Montgomery St., Ste. 1000
 4  San Francisco, CA 94104

 5  Robert R. Moore
    Allen Matkins Leck Gamble & Mallory LLP
 6  Three Embarcadero Center, 12th Floor
    San Francisco, CA 94111
 7
    Philip J. Nicholsen
 8  Law Offices of Philip J. Nicholsen
    221 Main St., #740
 9  San Francisco, CA 94105
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
```