**Entered on Docket**
**June 22, 2006**
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

**Signed: June 21, 2006**

LESLIE TCHAIKOVSKY
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

QMECT, INC., etc.,

Debtor-in-Possession.
/

No. 04-41044 T
Chapter 11

**MEMORANDUM OF DECISION RE SANCTIONS**

On November 23, 2005, the Court issued an order imposing monetary discovery sanctions in the amount of $3,450 (the "Sanction Order") against Burlingame Capital Partners II, L.P. and Electrochem Funding, LLC (the "Burlingame Entities"). The Sanction Order directed the Burlingame Entities to pay the above-specified amount to the Official Committee of Unsecured Creditors (the "Committee") within six months from the date of entry of the order. The Sanction Order was entered on November 23, 2005. Thus, the sanctions were ordered to be paid by May 23, 2006.

The Burlingame Entities have not complied with the Sanction Order. On June 2, 2006, the Committee sent a letter to the Court, complaining about the Burlingame Entities' noncompliance with the

Sanction Order (the "June 2 Letter"). In the June 2 Letter, the Committee advised the Court that the Burlingame Entities had argued that they should not be required to comply with the Sanction Order because Fred and Linda Koelling (the "Koellings"), the principals of Qmect, Inc. ("Qmect"), the above-captioned debtor, had not complied with an order directing them to pay monetary sanctions to the Burlingame Entities for improper removal of a state court action to the bankruptcy court (the "Removed Action").

The Committee asserted that the Koellings' noncompliance with their sanction obligations did not justify the Burlingame Entities' noncompliance with their obligations under the Sanction Order. The Committee noted that the monetary sanctions imposed against the Koellings were based on the Koellings' conduct before they filed their chapter 11 bankruptcy case. As a result, their sanction obligation constituted a pre-petition obligation. Thus, the two obligations are not mutual as to time. In addition, Qmect's bankruptcy estate was not responsible for the Koellings' conduct. Thus, the two obligations are not mutual as to the involved parties.

The Burlingame Entities responded to the June 2 Letter by a letter dated June 16, 2006 (the "June 16 Letter"). In the June 16 Letter, the Burlingame Entities noted that the Court had established that the Burlingame Entities had a pre-petition claim against Qmect exceeding $5,900,000. They also noted that, as the Committee acknowledged, the Koellings have not complied with a court order directing them to pay sanctions to the Burlingame Entities. According to the Burlingame, these sanctions are in the amount of

$10,000. In addition, the Burlingame Entities represent that they have another motion seeking sanctions pending and plan to file still other motions seeking sanctions. Under the circumstances, they contend, it would be unfair to require them to comply with the Sanction Order.

The Committee responded to the June 16 Letter by a letter dated June 20, 2006 (the "June 20 Letter"). In the June 20 Letter, the Committee repeated the argument that the Burlingame Entities were attempting to offset nonmutual obligations. The Committee contended that it would be unfair to penalize the Committee for pre-petition discovery violations by the Koellings. Moreover, the Committee noted that the Burlingame Entities had neither appealed the Sanction Order nor moved for a stay of its enforcement. They had simply disregarded their obligations to comply with it, putting the burden on the Committee to move for its enforcement. The Committee requested the Court's assistance in enforcing the Sanction Order.

The Court agrees with the Committee that the Burlingame Entities have no legitimate ground for refusing to comply with the Sanction Order. Even if they did, the Court agrees that they have acted improperly by simply disregarding the Sanction Order rather than moving for permission not to comply with its terms.

The Sanction Order is designed to compensate the Qmect estate for costs incurred unnecessarily based on the Burlingame Entities' discovery misconduct. Thus, the order imposing sanctions against the Koellings may not be asserted as an offset to the Burlingame Entities' obligations under the Sanction Order. Moreover, the

Case: 04-41044 Doc# 570 Filed: 06/21/06 Entered: 06/22/06 14:25:02 Page 3 of 5

Burlingame Entities’ sanction claim against the Koellings is a pre-petition obligation in their bankruptcy case. Once their chapter 11 petition was filed, the Koellings were not permitted to pay this obligation outside a confirmed plan. The fact that the Court has concluded that the Burlingame Entities have a substantial pre-petition secured obligation against Qmect does not justify their failure to comply with the Sanction Order either. Otherwise, there would be no way to effectively sanction a pre-petition creditor based on its post-petition misconduct.

The Burlingame Entities are directed to comply with the Sanction Order without delay at risk of being held in contempt.

END OF DOCUMENT

COURT SERVICE LIST

Paul E. Manasian
Manasian & Rougeau, LLP
400 Montgomery St., Ste. 1000
San Francisco, CA 94104

Robert R. Moore
Allen Matkins Leck Gamble & Mallory LLP
Three Embarcadero Center, 12th Floor
San Francisco, CA 94111

Philip J. Nicholsen
Law Offices of Philip J. Nicholsen
221 Main St., #740
San Francisco, CA 94105

Case: 04-41044 Doc# 570 Filed: 06/21/06 Entered: 06/22/06 14:25:02 Page 5 of 5