PAUL E. MANASIAN (SB No. 130855)
GREGORY A. ROUGEAU (SB No. 194437)
THOMAS T. HWANG (SB No. 218678)
MANASIAN & ROUGEAU, LLP
400 Montgomery Street, Suite 1000
San Francisco, California 94104
Telephone: (415) 291-8425
Facsimile: (415) 291-8426
Email: manasian@mrlawsf.com
Email: rougeau@mrlawsf.com
Email: hwang@mrlawsf.com

Attorneys for Debtor in Possession,
QMECT, INC.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| QMECT, INC., a California corporation, dba Electrochem, | ) Case No. 04-41044-LT11 |
| | ) |
| Debtor. | ) **EX PARTE APPLICATION FOR ORDER SHORTENING TIME ON DEBTOR'S EMERGENCY MOTION FOR ISSUANCE OF STAY PENDING APPEAL** |
| | ) |
| Employer's Tax Identification No. 94-2923737 | ) |
| | ) |

QMECT, INC. ("Qmect" or the "Debtor"), the debtor and debtor-in-possession in the above-referenced Chapter 11 bankruptcy case herein, respectfully requests, on an ex parte basis, entry of an order shortening time for a hearing on the Debtor's motion requesting the issuance of a stay pending appeal of the Final Order Granting Relief From the Automatic Stay.

### SUMMARY OF RELIEF REQUESTED

By this Application, the Debtor is seeking to have the Court hear its Emergency Motion for Issuance of a Stay Pending Appeal (the "Motion") on shortened notice. A draft copy of the Motion, and its supporting pleadings, are collectively attached hereto as Exhibit "A" and are incorporated herein by such reference.

EX PARTE APPLICATION FOR ORDER SHORTENING TIME ON HEARING
Case: 04-41044   Doc# 582   Filed: 07/17/06   Entered: 07/17/06 17:44:34   Page 1 of 5

Specifically, the Debtor requests a hearing on this matter on July 20, 2006, at 2:00 p.m., or as soon thereafter as the Court's calendar permits, with service of the Motion and supporting pleadings upon the United States Trustee, counsel for the Official Committee of Unsecured Creditors (the "Committee"), and counsel for Burlingame Capital Partners, II, L.P. and Electrochem Funding, LLC (collectively, the "Lenders"), via electronic mail, no later than July 18, 2006.[1]  Furthermore, the Debtor proposes that oppositions to the Motion, if any, should be permitted to be filed up to the date of the hearing on the Motion, July 20, 2006.

The Motion requests the Court to issue a stay pending the Debtor's appeal of the Final Order Granting Relief From the Automatic Stay, entered on July 14, 2006.

**BACKGROUND AND BASIS FOR RELIEF**

**A. GENERAL**

The Debtor was incorporated in 1984, and is in the business of providing electroplating and anodizing services to metal fabricators and equipment manufacturers.  The Debtor's business is located in Union City, California.

The Debtor filed its Voluntary Petition under Chapter 11 of the Bankruptcy Code on February 27, 2004.   The filing was necessitated by a threatened foreclosure sale by the Lenders. Since its filing of its voluntary petition, the Debtor continued to operate its business as a debtor-in-possession up until the date upon which a receiver was appointed by the San Mateo County Superior Court at the Lenders' request, to manage and oversee the Debtor.

The Lenders filed their Third Motion of Burlingame Capital Partners II, L.P. and Electrochem Funding, LLC for Relief from the Automatic Stay, Including Relief to Foreclose Upon the Debtor's Cash, Deposit Accounts and Adequate Protection Payment Funds (the "Motion") on March 8, 2006.  On March 21, 2006, the Court entered its Order Granting Partial Relief from the Automatic Stay after Preliminary Hearing (the "March 21 Order"), which, among other things, granted the Lenders 1). partial relief from the automatic stay imposed by 11 U.S.C. §

---

[1]Because this Application attaches the Motion and related pleadings, the Debtor respectfully submits that its filing effectively provides additional service of the Motion to the Lenders.

362 to foreclose their liens and security interests on all assets of the Debtor that were in existence when the bankruptcy petition was filed and on the Debtor's inventory, and 2) relief to seek appointment of a receiver. Subsequently, in the Superior Court of San Mateo County, the Lenders applied for - and were granted - appointment of a receiver to manage and oversee the operations and finances of the Debtor. The Court herein did not grant relief from the automatic stay, at the time, to permit the Lenders to foreclose their security interests on any of the Debtor's post-petition accounts receivable, inventory acquired, and cash, other than inventory (the "Post-Petition Assets").

On July 14, 2006, the Court entered its Final Order Granting Relief from the Automatic Stay (the "Final Order"), which, among other things, vacated the automatic stay imposed by 11 U.S.C. § 362 and granted the Lenders relief to foreclose their security interests on the Debtor's post-petition accounts receivable, inventory acquired, and cash (the "Post-Petition Assets"). The Final Order provides in part: "Pursuant to Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure, the effectiveness of this Order is stayed for ten (10) days from the date of entry of this Order." Final Order, at page 2, para. 6.

**B. GOOD CAUSE EXISTS FOR SHORTENING TIME FOR HEARING THE MOTION**

As set forth in further detail in the attached Motion, the Debtor anticipates filing an appeal of the Final Order and believes that there is a substantial likelihood that it will succeed on the merits of its appeal based upon, inter alia, two independent grounds for reversing the Court's Memorandum Decision:

1. The Lenders should not be permitted to assert both adequate protection liens granted pursuant to a cash collateral order and trace the proceeds of their pre-petition collateral; and

2. Even if tracing is permitted, using the lowest intermediate balance rule, tracing the Lenders' proceeds from pre-petition accounts receivable and inventory can never result in the Lenders receiving liens in the post-petition accounts receivable, cash and inventory in an amount greater than the Debtor and the Committee acknowledge the Lenders should receive on account of the adequate protection liens.

Case: 04-41044   Doc# 582   Filed: 07/17/06   Entered: 07/17/06 17:44:34   Page 3 of 5

This Application herein is necessary because the Debtor requires immediate imposition of a stay to secure the disputed funds that are the subject of the Motion - $345.885.31 in cash being held by the Lenders' counsel and $392,902 of the cash being held by the receiver appointed by the San Mateo Superior Court. Absent a stay, it is possible, if not likely, that should the Debtor prevail on appeal, the Lenders will have no ability to restore the disputed funds.

Given that the Order provides for a period of ten days before it becomes effective, the Debtor requires that its Motion be considered prior to Monday, July 24, 2006. Presently, there are status conferences for two related adversary proceedings - Case No. 04-4189 and Case No. 04-4171 - on calendar July 20, 2006, at 2:00 p.m. Accordingly, this Application requests that the Motion be heard at such time, or at a time convenient thereafter prior to July 24, 2006.

Counsel for the Debtor has indicated to Lenders' counsel that the Debtor intends to move the Court for an issuance of a stay of the Final Order, pending the Debtor's appeal and that the Debtor would seek to have the Motion heard on shortened time, on July 20, 2006, at 2:00 p.m. To date, Counsel for Debtor has not received any indication from the Lenders' counsel whether the Lenders consent to or oppose such a schedule. [*See* Declaration of Thomas T. Hwang in Support of Ex Parte Application for Order Shortening Time for Hearing on Motion for Issuance of Stay Pending Appeal, at Para. 8 and 9].

Counsel for the Official Unsecured Creditors' Committee has indicated to the Debtor that it will not object to a hearing of the Motion on shortened time on July 20, 2006. [Hwang \Declaration, at Para. 7].

## CONCLUSION

For the foregoing reasons, the Debtor respectfully requests that the Court grant this Application and enter an order authorizing a hearing, on shortened notice, on the Debtor's Emergency Motion for Issuance of a Stay Pending Appeal.

Given that two status conferences are presently on calendar for July 20, 2006, in related adversary proceedings and that the Final Order will take effect on July 24, 2006, the Debtor requests that the Court conduct a hearing on this matter on July 20, 2006, or at a time as soon thereafter as the Court's calender shall permit, prior to July 24, 2006. The Debtor further

Case: 04-41044   Doc# 582   Filed: 07/17/06   Entered: 07/17/06 17:44:34   Page 4 of 5

requests that the Court order that any Oppositions to the Motion be filed through the date of the hearing, July 20, 2006.

Dated: July 17, 2006                     MANASIAN & ROUGEAU LLP

By     **_Thomas T. Hwang_**
Thomas T. Hwang
Attorneys for Debtor
QMECT, INC.

\\Gradl\m&r\Electrochem\Pleadings\Reply Proceeds Issue\Appeal\epa shortn time mot stay pending appeal.wpd

Case: 04-41044   Doc# 582   Filed: 07/17/06   Entered: 07/17/06 17:44:34   Page 5 of 5